## SADIKOFF v. AMERICAN INDEMNITY CO.—242 S. W. (2d) 316.

Eastern Section.   December 3, 1950.

Petition for Certiorari denied by Supreme Court, August 31, 1951.

(1)

McAllester & McAllester, of Chattannoga, for appellant.

· Berke & Fleming, of Chattanooga, for appellee.

McAMIS, J.  Maurice Sadikoff instituted this suit to recover an attorney fee incurred in successfully defending a tort action which, the bill alleges, defendant, under its public liability policy, had engaged to defend on his behalf.  The question is whether the Chancellor correctly held that the injury for which complainant was sued in the tort action was covered by the policy.  The Company appeals from a judgment for $1,350.00 insisting that it was warranted in refusing to defend because the injury out of which the suit arose falls within a policy exception hereinafter quoted.  The assignments attack the reasoning as well as specific findings of the Chancellor but the ultimate and controlling question is whether the policy should be construed to cover the particular injury in question.

On October 30, 1947, the date of the policy, Sadikoff, doing business as G. & M. Service Station, operated a service station at 110 East 11th Street in Chattanooga. On the rear of the same lot he also operated a parking lot. The policy describes the insured's business as "Gasoline Service Station" and obligates the insurer to pay insured's legal liability to others resulting from bodily injuries or death:  "Occurring within or upon the premises described in Item 2 of the Declarations, including the sidewalks or other ways immediately adjacent thereto used or occupied by the insured for the purpose described

in Item 3 of the Declarations, *excluding, however, acci-*
*dents arising out of or in connection with Automobile*
*Parking Lots,* Repair Shops, Confectionery Stores, Lunch
Rooms, Restaurants, Sales Agencies and similar opera-
tions.''

We have italicized the language relied upon as except-
ing the present case from liability. Another provision
obligated the Company to investigate and defend actions
brought against the insured.

While the policy was in force and effect, Mrs. Shoick,
the plaintiff in the tort action, left her car in complain-
ant's parking lot above mentioned while she went to
engage a room at a nearby hotel. Her intention was to
leave her car overnight if she could obtain a room. After
engaging a room but after the filling station had closed
for the night, she returned to her car with a companion
to remove some articles from it. While her companion
was so engaged she went to the office of the filling station
for the purpose of paying the parking fee so that she
could leave the next morning before the filling station
opened for the day. Finding the door locked she went to
the rear window to see if anyone was in attendance and
fell into an unlighted and unguarded grease pit sustain-
ing injuries for which she sued complainant.

It will be remembered that, under the terms of the
policy above quoted, indemnity was to be afforded for
injuries occurring on the described premises while used
or occupied by the insured for the purpose described un-
der Item 3 which, in turn, described the business of in-
sured as ''Gasoline Service Station''. We think the
purpose of the exception was to make clear that even
though an injury should occur on the premises at 110 East
11th Street it would not be covered by the policy unless
it arose out of the operation of the insured's filling station

business or, as expressed affirmatively in the exception, if the injury should result from an "accident arising out of or in connection with Automobile Parking Lots", etc. So, the question is: Did Mrs. Shoick's injuries arise out of the operation of the filling station or of the parking lot? The question is to be resolved upon a construction and application of the term, "arising out of or in connection with", and, as counsel agree, without the benefit of prior judicial construction of the clause or any similarly worded policy provision.

However, the term "arising out of" has been applied in at least one other field of legal liability.

In Hendrix v. Franklin State Bank, 154 Tenn. 287, 290 S. W. 30, a workmen's compensation case, the term "arising out of employment" was construed as referring to the origin of the cause of injury. To the same effect is Mayor and Aldermen of Town of Tullahoma v. Ward, 173 Tenn. 91, 114 S. W. (2d) 804, 807, where the court again approved the Michigan definition: "An injury arises out of the employment when there is apparent to the rational mind, upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury."

By cognate reasoning we think an accidental injury arises out of and in connection with a business only if there is apparent to the rational mind a causal connection between the injury and the maintenance of the premises for the purposes of the business or some act incident to the operation of the business. It would not be a question of what caused the injured person to come upon the premises but a question of whether the act or condition causing the injury arose out of the maintenance of the premises or the prosecution of the business.

The cause of Mrs. Shoick's fall was the maintenance of an unguarded and unlighted grease pit in connection with the business activities covered by the policy. It was not maintained in connection with the excepted operation of the parking lot or on a part of the premises used for that purpose. It is true Mrs. Shoick would not have fallen into the pit if she had not parked in the parking lot. But the grease pit was not on the parking lot and, so far as appears, there was no occasion for a customer of the lot to go near the pit. The presence of Mrs. Shoick near the pit was the condition which made her fall possible—not the cause.

█ The insuring clause and the exception should not be considered separately but as parts of a whole, construing any ambiguities against the insurer to ascertain the intention of the parties as disclosed by the language used in the policy. Colley v. Pearl Assur. Co., 184 Tenn. 11, 195 S. W. (2d) 15.

██ When so construed we think it is apparent that the intention of the parties was to afford protection to the insured where the injury arose out of or in connection with the business of operating a gasoline service station. The exception was designed to protect the Company from liability for injuries growing out of some act of the insured in connection with the excepted pursuits even though the act giving rise to suit may have occurred on the premises described in the policy.

The Chancellor based his decision upon the further ground that the Company was obligated to defend because the complaint in the tort action indicated a case covered by the policy. We do not find it necessary to decide the point in view of the above construction of the exception clause.

We find no error and the decree will be affirmed with costs.

Hale, J., and Brown, Sp. J., concur.

## On Petition to Rehear.

McAMIS, J.   The petition to rehear is, in the main, a re-argument in the light of our former opinion.

It seems to us that petitioner misconceives the basis of our holding.   We made no attempt to draw a geographical line dividing the lot into two parts, one covered and the other not as petitioner's counsel seem to assume.   We did point out that the grease pit was not on the parking lot but only by way of emphasizing that it was not maintained in connection with that excepted operation.

██  We said: "It would not be a question of what caused the injured person to come upon the premises but a question of whether the act or condition causing the injury arose out of the maintenance of the premises or the prosecution of the business."   By this we meant the filling station business, as we think other portions of the opinion make clear.   There would have been no injury and no suit to defend had there been no grease pit and there would have been none except for the operation of the filling station business, the activity covered by the policy.

Suppose Mrs. Shoick had parked in the street with no intention of ever using the parking lot and had come upon the premises of insured for some entirely different purpose but without becoming a trespasser and had fallen into the pit.   Defendant would certainly be liable under the policy for insured's negligence because the pit was there to be used in connection with the filling station business.   The fact that in this instance she happened to be a customer of the parking lot cannot alter the case.

The question is: Did the cause of the injury, the negligent maintenance of the pit, arise out of and in connection with the insured pursuit? To consider what caused the injured person to place himself in a position to be injured merely confuses and, in our opinion, is to beg the question.

As illustrating a case of non-liability, suppose Mrs. Shoick had been run down by one of insured's employees while shifting cars on the parking lot. No liability would attach in such a case because the injury would be one arising out of the operation of the parking lot. It would make no difference if she had been in the filling station to use the telephone or to pay for gasoline and was struck while still on that part of the lot used by the filling station though in the act of returning to her car on the parking lot.

For the reasons indicated we must adhere to our former opinion and deny the petition with costs.

Hale, J., and Brown, Sp. J., concur.