## RESERVE LIFE INS. CO. v. BOSS.—264 S. W. (2d) 587.

Middle Section.   July 31, 1953.

Petition for Certiorari denied by Supreme Court, February 11, 1954.

Carrol D. Kilgore, of Nashville, for plaintiff in error.

William C. Sugg, of Nashville, for defendant in error.

FELTS, J.   This suit was brought by plaintiff Boss on a policy of insurance issued by defendant Reserve Life Insurance Company indemnifying plaintiff, his wife, and his daughter, for hospital and surgical expenses due to confinement in the hospital and other specified expenses set out.   In the Court of General Sessions there was a judgment for plaintiff for $232 and costs.

On appeal to the Circuit Court, where the case was tried by the Honorable John W. Hilldrop, Special Judge, sitting without a jury, there was likewise a judgment in favor of plaintiff against defendant for $232 and costs. Defendant insurer appealed and has assigned errors.

The policy was issued November 6, 1950, and the insurer promised to pay plaintiff benefits for hospital confinement and other expenses resulting from accidental injury and resulting from "sickness which originates while this policy is in effect and more than fifteen days after the date hereof."   Among the expenses which the insurer promised to pay were those of any surgical operation "resulting from sickness * * * if the operation is performed after this policy has been in effect for six months or more from the date hereof."

The indemnity sued for is for expenses incurred by confinement of plaintiff's wife in the hospital and for an operation on her by a surgeon, Dr. D. Scott Bayer, on June 9, 1951, for a hysterectomy, which is one of the operations specially named in and covered by the policy. There is no dispute as to the amount claimed, and it is agreed that if plaintiff is entitled to recover at all, he is entitled to the amount allowed by the courts below.

Defendant insurer insists that the weight of the proof shows that the disease resulting in the operation on June 9, 1951 originated prior to November 21, 1950—before the policy had been in effect fifteen days—and was therefore not covered by the policy; or that, in any event, the burden was on plaintiff to prove that such disease originated after November 21, 1950, and that plaintiff failed to carry this burden.

We cannot follow this insistence. The expenses sued for were for confinement and operation performed after the policy had been in effect for more than six months, and were therefore within the general coverage of the policy. The insurer invokes an exception excluding coverage in cases where the disease originated before the policy had been in effect for fifteen days. Therefore, the burden was on the insurer to prove that the expense sued for came within the exception relied on—that the disease resulting in the operation originated prior to November 21, 1950.

Where the loss sued for appears to be within the general coverage of the policy and the insurer invokes an exception excluding such loss from the general coverage, the burden of proof is on the insurer to establish that such loss comes within the exception. Freeze v. Continental Casualty Co., 5 Tenn. App. 261; National Life & Accident Ins. Co. v. Hunter, 14 Tenn. App. 512, 516; Interstate Life & Accident Ins. Co. v. Potter, 17 Tenn. App. 381, 68 S. W. (2d) 119; Jett v. Life & Casualty Ins. Co., 21 Tenn. App. 266, 272, 109 S. W. (2d) 104; National Life & Accident Ins. Co. v. Eddings, 188 Tenn. 512, 523-524, 221 S. W. (2d) 695; Am. Jur., Insurance, Sec. 1444.

The proof does not show that the disease, endometriosis, for which plaintiff's wife was operated on, originated prior to November 21, 1950. The doctor stated

that it was impossible to say when that disease began, that "it could have developed over a period of a few months to a year."

Since, under the authorities above cited, the burden was upon the insurer to prove that the disease originated prior to November 21, 1950 and since it failed to carry this burden, its defense likewise failed. As stated, there is no dispute as to the amount.

All of defendant's assignments of error are overruled and the judgment of the Circuit Court is affirmed. Judgment will be entered here for plaintiff against defendant insurance company and the surety upon its appeal bond for the amount of the judgment below with interest and all the costs.

Howell and Hickerson, JJ., concur.