HARDWARE MUTUAL CASUALTY CO., Plaintiff in Error, v. RONALD F. COX et al., Defendants in Error. —340 S. W. (2d) 263.

Eastern Section.   June 29, 1960.

Certiorari Denied by Supreme Court October 7, 1960.

573

Miller, Miller & Martin, Johnson City, for plaintiff in error.

Bryant, Brandt & Price and McKinley Green, Johnson City, for defendants in error.

McAMIS, P.J.  This case is on appeal from the Law Court at Johnson City where Hardware Mutual Casualty Company filed its petition for a declaratory judgment as to whether it is obligated as public liability insurer to defend an action at law. It has appealed from an adverse adjudication of that question.

The policy, entitled "Service Station Policy", obligates the insurer:

"To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of:

"A.  bodily injury, sickness or disease, including death resulting therefrom, hereinafter called 'bodily injury', sustained by any person, and injury to or destruction of property, including the loss of use thereof, hereinafter

called 'property damage', caused by accident and arising out of the ownership, maintenance or use of the premises for the purpose of an automobile service station, and all operations necessary or incidental thereto; and the use in connection with such operations of customers' automobiles while in charge of the named insured for servicing.''

Petitioner relies upon the following exclusion clause as relieving it of liability:

''Exclusion. This policy does not apply under Part I: (d) to (1) the use of the premises for a storage garage or public parking, automobile or implement sales, engine or body repair, motels, motor courts, tourist cabins * * * or any other uses not customary and necessary to the operation of an automobile service station, and all operations in connection therewith, or (2) the use of customers' automobiles in connection with the operations described in part (1) of this exclusion.''

Defendants operate a filling station in Johnson City and perform the services for customers usually performed by persons engaged in that business. About a week prior to the accident for which defendants were sued at law, Mrs. Bacon, a regular customer of defendants, left her Cadillac automobile at defendants' station to have installed a new battery and ''to get anything it needed so it would start.''

After installing the battery it was found the motor heated up due to a defective water pump. On Mrs. Bacon's statement that she wanted a used water pump installed rather than to go to the expense of buying a new pump, at her direction, defendants sent one of their employees in the Bacon car down the street to the next corner where they hoped to find a suitable pump. This mission proved

unsuccessful. On the return trip and when within about 80 feet of the defendants' station, the car struck and killed a pedestrian and as a result defendants were sued in the action at law.

The proof shows that, although it is not customary for operators of filling stations to install water pumps, the act of defendants in attempting to locate a used water pump is of the type and character of service customarily performed by service stations for their regular customers. The pump was never installed and there is no proof that defendants ever intended to install it. There is no proof that they ever held themselves out as an automobile repair shop.

We think Judge Campbell rightly held that the exclusion clause does not relieve the insurer of liability for the operation of the car of the insured's customer under the circumstances of this case.

A similar policy covering the operation of a filling station was involved in Sadikoff v. American Indemnity Company, 35 Tenn. App. 1, 242 S. W. (2d) 316, 317. As to an exclusion clause like that here involved, it was there said:

"We think the purpose of the exception was to make clear that even though an injury should occur on the premises at 110 East 11th Street it would not be covered by the policy unless it arose out of the operation of the insured's filling station business or, as expressed affirmatively in the exception, if the injury should result from an "accident arising out of or in connection with 'Automobile Parking Lots', etc. So, the question is: Did Mrs. Shoick's injuries arise out of the operation of the filling station or of the parking lot?"

In this case the general insuring clause obligates the Company to pay damages for which the insureds may be liable caused by the operation of a customer's automobile while in charge of defendants for servicing and for injuries arising out of the ownership, maintenance or use of premises used as an automobile filling station. The damages for which defendants were sued arose out of the operation of their customer's car while in their charge and, as above shown, they were performing a service customarily performed by such businesses for regular customers.

The accident was in no sense connected with "the ownership, maintenance or use of the premises" of the insured, whether or not used for "engine or body repair." So, the first part of the exclusion clause would not seem applicable. The second part would be applicable only if the damages for which the insured was sued arose out of the use of a car belonging to a customer who had come to the premises of an insured engaged in engine or body repair or some other excepted business activity. Such is not the case here. The undisputed proof shows that defendants did not operate a repair shop for automobiles but engaged only in the service station business. The accident in question arose out of the use of the automobile of a customer of that business. Its use was, therefore, not within the exception.

Defendants denied in their answer that they were engaged in engine or body repair or that the car was being used in connection with engine repair at the time of the accident. Petitioner failed to carry the burden of showing the contrary.

Affirmed at the cost of plaintiff in error.

Howard and Hale, JJ., concur.