GLENN WHITE, Complainant; WILEY WATSON, Intervenor, Complainants (Appellees), v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant (Appellant).—443 S.W.2d 661.

Western Section. January 14, 1969.

Certiorari Denied by Supreme Court July 22, 1969.

708

Lloyd S. Adams, Humboldt, for appellant State Farm Mutual Automobile Insurance Company.

John W. Norris, Brownsville, for appellee Glenn White.

Lyle Reid, Brownsville, for intervenor appellee Wiley Watson.

MATHERNE, J. This is an appeal from a decree of the Chancery Court of Haywood County, Tennessee,

wherein that Court held defendant, State Farm Mutual Automobile Insurance Company, liable under a personal and farm liability policy which it issued to complainant, Glenn White, for the satisfaction of a judgment previously obtained against Glenn White and others by one Wiley Watson in the Circuit Court of Haywood County, Tennessee.

The parties will be referred to as they appeared in the Trial Court, appellant, State Farm Mutual Automobile Insurance Company, as defendant; appellee, Glenn White, as complainant; and intervenor, Wiley Watson, as Watson.

The original bill alleged that the defendant by and through its duly authorized agent, Bill Thornton, issued its "Personal and Farm Liability Policy No. 1468 168-D15-42" to complainant effective October 15, 1963, and thereafter renewed same to October 15, 1964, and that premiums were paid thereon. This policy was filed as exhibit to the bill and was later introduced in evidence. Complainant alleged that on or about June 25, 1964, one Wiley Watson sustained accidental injuries on premises operated and controlled by the complainant and which were covered by said policy. As result of these injuries, Wiley Watson sued complainant and obtained a jury verdict and judgment against complainant in the amount of $5,000.00. Complainant alleged that defendant was duly notified of this accident and that the accident and injuries sustained by Wiley Watson were of the type and nature covered and indemnified against by the defendant under said policy; that defendant had refused to satisfy this judgment obtained against complainant. The complainant prayed that the Court order the defendant to

satisfy said judgment, cost, expenses and interest accrued thereon.

By answer the defendant admitted the issuance of the policy alleged, admitted the suit by Wiley Watson, and the judgment thereon. Defendant alleged that the suit by Watson was styled ''Wiley Watson vs. Glenn White and Billy Joe Manus, individually, and partners, d/b/a M & W Dozer Work'', and the case was tried on the theory that Watson was the employee of both defendants on a farm in Haywood County owned by one K. L. Page and rented by complainant, White. Defendant alleged it defended the suit for White under a reservation of rights. Defendant denied that the accident and injuries suffered by Watson were within the coverage of the policy and asserted: (1) The premises upon which Watson was injured were not a part of the premises defined and covered in the policy; (2) The liability fixed against complainant, White, in the Circuit Court action was not individual but was joint and several against him as a partner with Billy Joe Manus outside the coverage of the policy issued by defendant to complainant, White, as an individual policy; (3) The accidental injuries sustained by Watson did not occur in such a manner and under such circumstances as to afford complainant, White, protection under the terms of the policy.

Wiley Watson, the party in whose favor the Circuit Court judgment was rendered, was permitted to intervene in this suit, and he thereby joined the complainant and asserted that the defendant was liable for the judgment rendered in his favor against White.

The suit was heard on oral testimony before the Chancellor according to the forms of chancery. A written

Opinion was filed by the Chancellor deciding the issues in favor of complainant. A decree was entered adjudging the complainant entitled to recover of the defendant the amount of the judgment in the Circuit Court cause of Wiley Watson vs. Glenn White et al together with interest thereon from the date of said judgment to wit, June 13, 1966. Said amount was ordered paid into the Chancery Court for benefit of the intervenor, Wiley Watson.

The defendant, insurance company, has appealed and assigned as error the same propositions as set out above, plus error in the admission of certain evidence. The Assignments of Error will not be individually considered herein, but will be disposed of after a review and holding by the Court on the issues involved.

■ This appeal is from an equity cause tried according to the forms of chancery, and the appellant under T.C.A. sec. 27-301 is entitled to a reexamination of the whole matter of law and fact appearing in the record; but under T.C.A. Section 27-303 there is a prima facie presumption of the correctness of the decree of the Chancellor, and the decree will not be disturbed unless the evidence preponderates against the same. Kennon v. Commercial Standard Ins. Co. (1963) 52 Tenn.App. 521, 376 S.W.2d 703. Where the evidence preponderates against the finding of the Chancellor it is the duty of the Court of Appeals to enter such decree as the law and the evidence warrant. Loftis v. Stuyvesant Ins. Co. (1964) 54 Tenn.App. 371, 390 S.W.2d 722.

The evidence established that complainant was a farmer and that he approached defendant's agent Thornton and requested an insurance policy which would

provide him full and complete liability coverage for his farming operations. At the time this application was made complainant did not own any farm land, but he rented about 250 acres from various people. All the rented land was in the 5th Civil District of Haywood County, but all of it was not on Poplar Corner Road. There is no proof of a listing of the farms made by the complainant. This initial contact resulted in the agent preparing a "General Liability Application" form of defendant company on which the agent inserted the following information:

"Name: White, Glenn

Occupation: Farmer

General location of all farm premises: 1 miles east on Poplar Corner Road from Brownsville in 5th Civil District.

Use: Gen. farming
Acres: 419
Owner: (Left blank)
Rented: 250"

Complainant, White, signed the Application and paid the premium. Thereupon defendant company issued the policy which stated the named insured to be "White, Glenn" and described the premises covered as "7 mi. E on Poplar Corner Rd. in 5th Civil District 419 Acres."

The farm on which Watson was injured was a farm complainant rented from K. L. Page. At the time of the application, October 15, 1963, complainant had not rented the Page farm but was negotiating to rent about 50 acres from Page. This farm was in the 5th Civil District but was not on Poplar Corner Road. Early in 1964 complainant did rent the 50-acre Page farm. Complainant did not

report to defendant's agent that he had rented the Page farm.

Complainant testified over defendant's objection that agent Thornton told him that he was covered up to 419 acres total farming operation, and that he, complainant, understood this to be the total number of acres covered so long as the acreage was in the 5th Civil District. Complainant testified that at no time did his total acreage amount to 419 acres. Complainant stated that he did not know where Thornton got the figure of 419 acres but assumed it represented a break in the rate schedule and that he would be covered up to that total number of acres.

Agent Thornton testified that he understood that complainant was renting 250 acres and that he treated the farm owned by complainant's father as being operated by complainant, which farm was approximately 169 acres, thereby making the total of 419 acres. However, the proof established that complainant did not operate but a small portion of his father's farm.

We disagree with defendant's contention that this testimony of complainant relating to the number of acres involved and the premises covered is an attempt to vary the terms of a written contract by parol testimony. Rather, this testimony was competent to show complainant's understanding of the 419 acre figure inserted in the application by the agent. We hold that the preponderance of the evidence sustains the finding of the Chancellor that the Page farm was included in the premises covered, and that any ambiguity in this respect, any mistake or misunderstanding concerning the premises covered, is by a preponderance of the evidence established to be the mistake of the agent Thornton.

Commercial Standard Ins. Co. v. Paul (1951) 35 Tenn. App. 394, 245 S.W.2d 775.

After the issuance of the policy complainant, White, and one Billy Joe Manus entered into a business venture referred to as M & W Dozer Work. The parties purchased a bulldozer and a truck and were engaged in, and doing bulldozer work for the public which consisted of clearing land, digging ponds, or other work commonly performed on farmland by bulldozers. M & W Dozer Work did not engage in the enterprise of farming. When complainant, White, rented the farm from K. L. Page, it was necessary that certain portions thereof be cleared in order to cultivate the same. White and Page entered into an agreement whereby Page would pay M & W Dozer Work for bulldozing and piling the brush. Complainant, White, was to burn the piles of brush. The evidence established that intervenor, Watson, was injured while burning the piles of brush on the Page farm.

Considerable discussion has been expended by both sides of this litigation on the question of whether complainant, Glenn White, is individually liable under the judgment rendered in favor of Watson in the Circuit Court.

The Declaration in that Court states that the plaintiff, Wiley Watson, "* * * sues the defendants Glen White and Billy Joe Manus, who are residents and citizens of Haywood County, Tennessee, individually and d/b/a M & W Dozer Work for the sum of * * *" The Declaration then alleged that the plaintiff was employed by the defendants in the "* * * furtherance of their business of clearing trees and other growth from a farm in Haywood County, Tennessee, which included piling and burn-

ing the trees and undergrowth." One tort is then alleged as committed by both defendants namely, the defendants furnished plaintiff with a highly explosive fuel to use in the burning of the piles of brush, and failed to warn plaintiff of its explosive character; that when plaintiff used said fuel as instructed by defendants the same exploded and burned him. The verdict was that the jury " * * * upon their oath do say they find the defendants guilty of the matters alleged in the declaration * * *" The judgment concludes "* * * that the plaintiff recover of the defendants Five Thousand ($5,000.00) Dollars and costs * * *" There is no question but that complainant, Glenn White, is individually liable on the judgment. The question before the Court is whether the contract of insurance between defendant company and White renders defendant liable for the amount of the judgment.

Complainant insists that he is due to be indemnified under the following provision of defendant's policy which provides coverage on farm employees:

"Coverage DF—Farm Employers Liability.

To pay all damages which the insured shall become legally obligated to pay because of bodily injury, sustained by a farm employee of the insured while engaged in the employment of the insured."

Under "Definitions" the policy defines a farm employee:

"Farm Employee—means an employee of an insured, other than a residence employee, whose duties are incident to the ownership, maintenance or use of the farm premises."

This wordage is clear and unambiguous. In order for the coverage to be applicable in this case Watson, the

injured party, would have had to be a "farm employee" of the complainant, White, as therein defined, and engaged in the employment of White at the time of injury.

The testimony of complainant conclusively refutes his contention that Wiley Watson was his farm employee. On cross-examination complainant testified:

"Q. 15. Now Wiley Watson at no time worked for you as an individual did he?

A. No.

(Argument by counsel)

Q 16. Your answer was 'No, he was never your employee'?

A. That's right."

Complainant further testified that Wiley Watson was employed by M & W Dozer Work as a greaser for the bulldozer and general helper with the bulldozer. That at the time of his injury Watson was so employed and paid by the partnership, M & W Dozer Work. Complainant also testified that he was not present at the Page farm on the day Watson was injured and that the operation there by M & W Dozer Work was being carried out by his partner, Manus. Complainant testified that Manus hired Watson for the partnership, that both he and Manus had authority to direct the activities of Watson, tell him what to do and how to do it. However, the record is clear that whatever control complainant, White, exercised over the employee, Watson, was done by virtue of White being a partner in M & W Dozer Work and not under any claim that said control was by virtue of Watson being his farm employee, or otherwise.

Some insistence is made that the services of Watson may have been loaned to White to work on the farm on the occasion of the accident, and that he would thereby be White's farm employee. A loaned employee may under proper circumstances be regarded as the employee of the employer to whom he is loaned, insofar as determining liability on the latter's policy is concerned. Couch on Insurance 2d, Vol. II, page 586. However, in determining whether an employee lent by one employer to another has become the employee of the latter, the test is whether, in the particular service which the lent employee is engaged to perform, he continues to be under the direction and control of his regular employer or becomes subject to that of the person to whom he is lent or hired. 56 C.J.S. Master and Servant sec. 330 page 1093; 35 Am.Jur., Master and Servant, page 455. Under the facts of the case it is obvious that Watson on the day of the accident was never under the control of complainant, White, in any degree. We hold that Wiley Watson at the time of the accident was the employee of Billy Joe Manus and Glenn White d/b/a M & W Dozer Work, and was not the farm employee of complainant, White. Therefore, ''Coverage DF—Farm Employers Liability'' in the policy issued by defendant company is not applicable to this case, and defendant is not liable to complainant under that provision of the policy.

Complainant insists that he is due to be indemnified under the ''Comprehensive Personal Liability'' provision of the policy which provides:

''Coverage AF—Comprehensive Personal Liability.

Division 1. Bodily Injury and Property Damage Liability. To pay all damages which the insured shall become legally obligated to pay because of bodily in-

jury sustained by other persons and injury to or destruction of property of others."

Complainant contends that Wiley Watson is included in the designation "other person" and that complainant, "the insured", is "legally obligated to pay" the judgment in favor of Wiley Watson.

Defendant contends that the above quoted insuring agreement does not stand alone and is not applicable when considered in the light of "Definitions" and "Exclusions" at set forth in the policy.

Under the heading "Exclusions" the policy states.

"This policy does not apply: (a) (1) to any business pursuits of an insured, other than activities therein which are ordinarily incident to non-business activities;"

Under the heading "Definitions" the policy defines "business" as:

"Business—means trade, profession or occupation other than farming and roadside stands maintained principally for the sale of the insured's produce."

In policies of this nature the insuring clause and exceptions thereto should not be considered separately, but as parts of a whole, with any ambiguities to be construed against the insurer to ascertain intention of the parties as disclosed by language used in the policy. Sadikoff v. American Indem. Co. (1951) 35 Tenn.App. 1, 242 S.W.2d 316. Intention of the parties must prevail in construction of an insurance contract. Life & Cas. Ins. Co. v. Cantrell (1933) 166 Tenn. 22, 57 S.W.2d 792. Where the terms of the policy are ambiguous and susceptible of two interpretations the policy is to be con-

strued favorably to the insured; however, where ambiguity is lacking this rule does not apply. Moore v. Life & Cas. Ins. Co. (1931) 162 Tenn. 682, 40 S.W.2d 403; Travelers Ins. Co. v. Ansley (1939) 22 Tenn.App. 456, 124 S.W.2d 37.

The terms of "Coverage AF—Comprehensive Personal Liability" and the definitions and exclusions as herein set out are not ambiguous. It is clear that the insurer would pay all damages which the insured became legally obligated to pay because of bodily injury sustained by other persons, which injury grew out of insured's occupation of farming on the premises covered, but would not pay such damages growing out of any trade, profession or occupation other than farming. Therefore, these provisions must be applied as they read, and the words must be given their usual, natural and ordinary meaning, without creating an ambiguity where none existed. E. K. Hardison Seed Co. v. Continental Cas. Co. (1966) 56 Tenn.App. 644, 410 S.W.2d 729, and cases cited.

In deciding the issue of whether the bulldozer operation being carried out on complainant, White's farm by the partnership of M & W Dozer Work, of which White was a partner, would be included in White's occupation of farming as applied to White's coverage under the policy the Chancellor held the operation covered and stated:

"The defendant insurance company claimed the operation of the partnership known as M & W Dozer Works was an entirely distinct operation from the operation of Glenn White as a farmer and the policy only embraced the activities as a farmer and did not embrace

the activities of the partnership. The partnership known as M. & W Dozer Works was a partnership for the operation of a bull-dozer and Glenn White testified that the majority of the work done was in connection with a farming operation and Glenn White being engaged in farming and the bull-dozer at the time of the accident being used to clear land that was going to be farmed and in fact was a farming operation, it is the opinion of the court that this connection was so interwoven that it was not a distinctive partnership but was confined to farming and therefore the injury complained of had been inflicted in a farming operation in which Glenn White was directly interested and in fact, it was his operation.''

We respectfully disagree with the Chancellor in this respect. In disagreeing we do not hold that a partnership is a separate legal entity for all purposes. In fact, Justice, now Chief Justice Burnett, in Spencer Kellogg & Sons, Inc. v. Lobban (1958) 204 Tenn. 79, 315 S.W.2d 514, found that the State of Louisiana was the only jurisdiction wherein the partnership is a distinct entity from the persons who compose it. However, as to whether a third party dealt with the partnership as an entity, or with one of the partners individually, would depend upon the intention of the parties to the contract. U. S. Fidelity & Guaranty Co. v. Booth (1932) 164 Tenn. 41, 45 S.W.2d 1075.

The preponderance of the evidence is that defendant contracted with complainant, White, as an individual. The named insured in the policy is ''Glenn White''. At the time the policy was issued the partnership, M & W Dozer Work, was not in existence. The fact

that the insured, Glenn White, later entered into the partnership, and the fact that K. L. Page engaged this partnership to perform bulldozer work on a farm rented to White, could not be construed to extend the coverage defendant afforded White on his occupation as a farmer to include the personal liability of White growing out of the operations of the partnership. We do not make this distinction on the basis that the partnership is a distinct entity but rather upon the basis that the complainant, White, and the defendant company intended that the coverage afforded by the policy apply to White's individual liability as a farmer and not to White's individual liability as a member of a partnership engaged in the operation of a bulldozer for hire. White's individual liability on the judgment could not be deemed to have grown out of his occupation as a farmer. Neither the owner, K. L. Page, nor the renter, Glenn White, exercised any control over the operations of Manus and the employee, Watson, in the work being performed. The fact that the burning of the brush inured to the benefit of White did not fix individual liability on White. The only basis for the individual liability of White would be the fact that intervenor, Watson, was under the control and direction of White's partner, Manus. This basis of White's individual liability would be in accord with the judgment rendered in the Circuit Court case, based upon the allegations of the Declaration, the judgment rendered, and the facts as developed in this cause. We, therefore, hold that defendant is not liable under "Coverage AF—Comprehensive Personal Liability" provision of the policy.

Complainant contends that he should recover against defendant because of certain statements and assurances

made by defendant's agent Thornton to complainant in the process of issuing the policy. The proof established that complainant asked Thornton for full liability protection for his farming operation. Thornton testified that he obtained the policy which provides that coverage. There is no controversy between the parties as to what was requested and what was provided, according to the understanding of the parties. The proof established that when Thornton delivered the policy to complainant he, Thornton, circled in ink the coverages afforded by the policy, but did not call to complainant's attention the exclusions contained in the policy. Complainant did not read the policy but relied on Thornton to give him the protection requested.

Complainant contends that he was lulled into a false sense of security by having been assured by Thornton that he had full liability protection for his farming operations. That he having relied upon this representation, and the exclusions of the policy not having been pointed out to him, the defendant company cannot now deny coverage which would indemnify complainant on the judgment rendered against him in favor of Watson.

The Chancellor after reviewing the case of Henry v. Southern Fire & Cas. Co. (1958) 46 Tenn.App. 335, 330 S.W.2d 18, and cases therein cited, held that the applicant for insurance has the right to rely upon the statements of the agent and that the company is bound by such statements. The Chancellor in sustaining the contention of the complainant, concluded:

"The court holding that the operation in which Wiley Watson was injured was one contemplated to be a farm

operation and one Glenn White understood from Mr. Thornton to be covered by the insurance policy.''

In the *Henry case* the named insured was towing a trailer behind a vehicle covered by a policy which excluded coverage when being used to tow a trailer. The trailer came loose, crossed the highway and crashed into an oncoming vehicle causing the injuries. The parties injured obtained judgment against insured. The insured sued the company and presented proof that insured's agent had led insured into thinking he had full liability protection on the operations of his timber business. The Court held that towing the trailer could be deemed a part of insured's timber business under the circumstances, and that there was material evidence from which the jury could have found the insured was misled as to his coverage. Due to the existence of this material evidence the Court of Appeals held the Chancellor erred in taking the issues from the jury, and remanded for a new trial. Therefore, in that case the exclusion relied on by the company to deny coverage was one which limited and denied coverage for liability growing out of insured's occupation of ''timber business'' which the insured was led to believe was fully covered.

Here we do not have that situation. It is not a matter of the exclusion relied on by defendant company being an exclusion which results in a limitation or denial of the coverage contracted for. The exclusion of all other trades, professions or occupations other than farming does not limit or deny complainant's coverage on personal liability arising out of his occupation of farming. The exclusion in this case is one which limits the coverage *to* complainant's occupation of farming. Therefore, complainant cannot be heard to say that he was misled

by Thornton in this respect. Further, complainant cannot claim to have been misled into thinking his personal liability growing out of the operations of M & W Dozer Work was covered, because that concern was not in existence when the policy was issued. Neither can complainant claim he was misled into thinking his personal liability to Wiley Watson, an employee of M & W Dozer Work, was covered because complainant testified Watson was an employee of that concern at the time of injury and had never been employed by complainant as a farm employee, or otherwise.

We have agreed with the Chancellor that the farm on which the injury occurred was included in the premises covered by the policy; that intervenor, Wiley Watson, was an employee of M & W Dozer Work at the time of the injuries; that the parties admit complainant was to get full liability protection for his farming operations. Where we most respectfully disagree is the application of these facts to the provisions of the policy in question. We hold that the injuries sustained by Wiley Watson did not come within the coverage afforded complainant under the terms of the policy issued by defendant. Assignment of Error No. VII is accordingly sustained.

Assignments of Error I, II, III and IV which relate to the admission of testimony of complainant regarding premises covered by the policy and his understanding of the coverage afforded are overruled. In view of the disposition of this cause, Assignments No. V and VI need not be specifically disposed of by the Court.

It results that the Decree of the Chancellor is reversed, and this cause dismissed. Costs in the Chancery Court and in this Court are adjudged against the complainant, Glenn White.

Reversed and dismissed.

Carney and Taylor, JJ., concur.