**Judith HERREN and Michael Herren, Plaintiffs–Appellees,**

v.

**OLD REPUBLIC INSURANCE COMPANY, Defendant–Appellant.**

Court of Appeals of Tennessee, Middle Section, at Nashville.

Sept. 11, 1990.

Permission to Appeal Denied by Supreme Court Nov. 19, 1990.

Donald G. Dickerson, Dickerson & Day, Cookeville, for plaintiffs-appellees.

C.A. Cameron, Cameron & Cameron, Cookeville, for defendant-appellant.

OPINION

TODD, Presiding Judge.

This is a suit for declaratory judgment as to coverage of an automobile liability insurance policy. From a judgment declaring coverage, the defendant insurer has appealed.

*The Facts*

The subject vehicle is a 1982 Freightliner tractor which is titled in the name of the plaintiff, Judith Herren; however, it is insisted by the plaintiffs that the vehicle was purchased with funds of R. & M. Trucking Company which is a partnership of Mr. and Mrs. Herren, the plaintiffs.

The subject policy was issued by defendant in the name of Mrs. Herren only, but it is insisted by plaintiffs that the premium on the policy was paid out of the R. & M. Trucking Company checking account with funds belonging to both plaintiffs as partners. Mrs. Herren did not receive a copy of the policy until after the claim arose. The policy provides, in pertinent part, as follows:

Item one Named Insured ...

Judith Herren ...

Part I—Words and Phrases with Special Meaning

Read them carefully

A. "You" and "your" mean the person or organization shown as the named insured in Item one of the Declarations.

&ast;  &ast;  &ast;  &ast;  &ast;  &ast;

D. Who is Insured

&ast;  &ast;  &ast;  &ast;  &ast;  &ast;

2. Anyone else is an insured while using with your permission a covered auto you own, hire or borrow except:

&ast;  &ast;  &ast;  &ast;  &ast;  &ast;

  b. Someone using a covered auto while he or she is working in a business of selling, servicing, repairing or parking autos unless that business is yours.

### The Incident

Plaintiff, Mike Herren, was the individual owner and operator of a business known as "Mike Herren's Tire Center." The record does not detail the nature of the activities of this business. However, the subject vehicle was regularly parked on the premises of said business; and Mike Herren regularly performed maintenance and repairs on the subject vehicle on said premises, for which service no charge was made. The subject vehicle could not be taken inside the building on the premises because "it wouldn't fit in."

On October 19, 1985, repair or maintenance was being performed on the subject vehicle. Mrs. Herren was present and consenting. Gary Dewayne Rogers was under the vehicle "checking for air leaks." He instructed Mr. Herren to "start the engine." As Mr. Herren complied, the vehicle "jumped into gear" and rolled forward across the leg of Rogers. Mr. Herren reversed the gears and backed the vehicle off Mr. Rogers.

Rogers sued Mr. Herren for his injuries.

### The Suit and Judgment

Mr. and Mrs. Herren brought this suit to require the defendant to defend Mr. Herren under its liability insurance policy.

Defendant denied coverage, asserting Part D of the policy, quoted above.

The Trial Judge entered judgment requiring defendant to provide full liability coverage to Mr. Herren in the suit filed by Gary Dewayne Rogers. The judgment also states:

  The Court's Findings of Facts and Conclusions of Law are contained in the attached transcript and are incorporated into this Judgment verbatim.

The "attached transcript" is not found with the judgment in the technical record. The certificate of the Trial Clerk authenticates one volume of transcript filed with the Trial Clerk on January 10, 1990, but the findings of the Trial Judge are not found in this volume.

Although not certified by the Trial Clerk, a volume is found with the record which is marked filed on January 17, 1990. It appears to be a transcript of the oral discussion of his decision by the Trial Judge. It is neither certified by the Trial Clerk nor authenticated by the Trial Judge. The omission is unfortunate but not prejudicial to either party.

### Issues on Appeal

The issues on appeal are stated variously by the parties, but the single insistence of the defendant is stated in the concluding paragraph of its brief as follows:

  We respectfully insist that we have shown by the overwhelming weight of the evidence that Michael Herren was engaged in an automobile business at the time of the accident, and was therefore, excluded from coverage under the terms of the Auto Business Exclusion contained in the policy, ...

It is apparently the insistence of defendant that Michael Herren, not a named insured, but using the vehicle with the permission of the named insured, was excluded from coverage as a permitted user because he was using the vehicle in a business of servicing or repairing autos which business did not belong to the named insured, Mrs. Herren.

On appeal, there is no insistence that the parties intended that Mr. Herren be named in the policy or that he should be treated as a named insured. The only insistence of

plaintiffs on appeal is that the defendant has not carried the burden of showing that Mr. Herren was using the vehicle in an auto service or repair business.

The evidence consists of exhibits and the brief testimony of Mrs. Herren. As to the issue of use of the truck by Mr. Herren in an automobile service or repair business, the testimony of Mrs. Herren was as follows:

Q  Was your husband driving that truck from the initiation of the partnership up until the time of this accident?

A  No.

Q  What was his role in regard to the tractor?

A  Mostly maintenance.

Q  At the time this accident happened, what was he doing in regard to the tractor?

A  Doing routine servicing.

Q  Where was it being done?

A  Outside of the garage in the field.

Q  Repair and maintenance work that was done by your husband on the 1982, Freightliner, was R & M Trucking ever billed for that by Mike Herren's Tire Service Center?

A  No.

Q  Was that tractor, the 1982 Freightliner, ever used in connection with the business of Mike Herren's Tire Center?

A  No.

Q  Where was this truck parked physically in relation to your home and the business of Mike Herren's Tire Center?

A  I believe it was parked on the north side of the building out by the garden.

Q  Was it inside the building at any time?

A  It won't fit in the building.

Q  And at the time your husband was servicing this tractor, was he doing it with your permission and consent?

A  Yes.

*     *     *     *     *     *

Q  Describe what you observed in regard to the accident.

A  Gary was underneath the truck checking for air leaks.

Q  Gary ...?

A  Gary Rogers.

Q  He being the person that has sued your husband in the lawsuit which we have filed as an Exhibit?

A  Yes.  And he told Michael to start the truck up, and he wiggled the gearshift and turned the ignition, and the truck pulled—jumped into gear and rolled forward approximately four to six inches on his leg, and Michael put the truck in reverse and backed it off of him.

There is no evidence as to the nature of the business of Mike Herren's Tire Center. In order to find that Mr. Herren was "using" the vehicle in "a business of servicing or repairing autos," it would be necessary to infer from the name, "Herren's Tire Center" that its activities included "checking a truck for air leaks" which included starting the engine.  If the "air leaks" were in the tires, such an inference might be reasonable, for tires are known to contain air under pressure.  However, the involvement of the engine in the air check strongly suggests a testing of air brake facilities which have no connection with tires.

This Court concludes that the meager evidence does not justify an inference that the "checking for air leaks" which was being conducted by Mr. Herren was a part of the business of Herren's Tire Center.

There is evidence that Mr. Herren was a member of a partnership through whose bank account the income and expenses of the vehicle were handled, and this might be the basis of an inference that Mr. Herren's activities in servicing or repairing the vehicle were in aid of the trucking business of which he was a partner, this would not establish that the vehicle was being used in a servicing or repair business, for there is no evidence that any part of the business of the partnership was service or repairs for the public.  Servicing or repairing one's own property is not engaging in the business of servicing and repairing.

Defendant's defense of policy exclusion is an affirmative defense as to which the defendant has the burden of proof.  *Union Planters Corp. v. Harwell,* Tenn.App.1978,

578 S.W.2d 87; *Reserve Life Ins. Co. v. Boss*, 37 Tenn.App. 456, 264 S.W.2d 587 (1953); *Livingston v. United States Fire Ins. Co.*, 7 Tenn.App. 230 (1928); *Wright v. Massachusetts Bonding Co.*, 8 Tenn.C.C.A. (Higgins) 108 (1917); 46 C.J.S. *Insurance* § 1321(b) p. 452 n. 88; 44 Am.Jur.2d *Insurance* § 1938 p. 945 n. 96.

The critical element of this defense is proof that the injury of Mr. Rogers occurred as a result of Mr. Herren's use of the subject vehicle while working in a business of servicing or repairing autos. The preponderance of the evidence does not show this fact or support this defense which must therefore fail.

Defendant's brief contains excellent analyses of several authorities which have been examined and found to be inconclusive of the issue on this appeal.

*State Automobile Mutual Insurance Company*, 174 Tenn. 377, 125 S.W.2d 490 (1939) involved an exclusion for property owned or in charge of insured which was clearly applicable under the proven facts.

*Edwards v. Travellers Indemnity Company*, 201 Tenn. 435, 300 S.W.2d 615 (1957) involved an exclusion for property used by insured which exclusion was clearly applicable to the proven facts.

*Glenn White v. State Farm Mutual Automobile Insurance Company*, 59 Tenn.App. 707, 443 S.W.2d 661 (1969) involved liability coverage under an individual farm policy for activity of a partnership of which the insured was a member.

In *Pollard v. Safeco Insurance Company*, 52 Tenn.App. 583, 376 S.W.2d 730 (1963), Pollard operated a parking garage. He undertook to move a customer's auto from the parking garage to a service station to obtain a tire repair. The exclusion applied to non owned automobiles "used in an automobile business or any other business of the insured." This Court held that the accommodation of parking customers as part of Pollard's parking business was "automobile business."

*Aetna Casualty and Surety Company v. Tennessee Farmers Mutual Insurance Company* (1972), 225 Tenn. 687, 475 S.W.2d 663 involved a parking lot attendant backing a customer's vehicle into the street to enable another customer to get his vehicle out. His acts were held to be within the exclusion of "automobile business" in a liability policy.

In the present case, the preponderance of the evidence does not show that Mr. Rogers was hurt because Mr. Herren was working in a business of servicing or repairing autos. He was engaged in servicing or repairing an auto owned by his wife, or by himself and wife, without charge. There is no evidence that his activity was part of the operation of his tire business or of any business of "selling, servicing, repairing or parking autos" as provided in the policy.

In *Midland Insurance Company v. Home Indemnity Company*, Tenn.App. 1981, 619 S.W.2d 387, a person was injured when a door fell off a truck and struck him. The owner of the truck, who had recently repaired the truck, was held liable, but sued the liability insurer of the lessee of the truck for indemnity. The liability policy of the lessee excluded actions of persons engaged in duties in connection with any automobile business. This Court held that the exclusion did not apply because, at the time of the repair of his own truck, the lessor was not engaged in an "automobile business."

In the present case, the injury did occur while Mr. Herren was servicing the truck, but there is no showing that he was engaged in a *business* of servicing trucks. The word, "business" is usually used in connection with some commercial activity for the public out of which the operator expects to derive some profit. An isolated act for the accommodation of a spouse or one's self and spouse does not appear to fit into this category.

The evidence does not preponderate against the factual findings of the Trial Court which must be presumed correct. Tenn.R.App.P. Rule 13(d).

The judgment of the Trial Court is affirmed. Costs of appeal are taxed against the defendant-appellant. The cause is re-

manded to the Trial Court for any necessary further proceedings.

Affirmed and Remanded.

LEWIS, and CANTRELL, JJ., concur.