**ALLSTATE INSURANCE COMPANY,**
Plaintiff–Appellee,

v.

Eugene H. **BRAUKMAN;**
et al., Defendants,

and

Gregory **VanDeHey;** et al., Defendants–
Appellants.

No. 06–35430.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 7, 2008.

Filed May 13, 2008.

Douglas F. Foley, Esq., Foley & Buxman, PLLC, Vancouver, WA, for Plaintiff–Appellee.

Fred C. Nachtigal, Esq., Nachtigal Eisenstein & Assoc., Hillsboro, OR, for Defendants.

Michael E. Farnell, Esq., Parsons, Farnell & Grein, LLP, Michael D. Kennedy, Esq., Kennedy Bowles PC, Portland, OR, for Defendants–Appellants.

Before: BERZON and BEA, Circuit Judges, and GUTIERREZ *, District Judge.

---

* The Honorable Philip Gutierrez, United States District Court for the Central District of Cali-

## MEMORANDUM **

Gregory and Arlene VanDeHey ("the VanDeHeys") appeal from the district court's order granting Allstate Insurance Company's ("Allstate") motion for summary judgment. The district court held the personal umbrella insurance policy Allstate issued to Eugene and Nancy Braukman ("the Braukmans") did not provide coverage for claims made against the Braukmans by the VanDeHeys for injuries Gregory VanDeHey allegedly incurred due to Eugene Braukman's negligent operation of a track hoe.

The state law of Oregon governs this diversity action. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The Braukmans' personal umbrella insurance policy issued by Allstate, which was in effect at the time of the accident, granted coverage only for the "personal activities" of the insureds. The policy excluded from coverage "any occurrence arising out of a business or business property." The policy defined "business" as "any full or part-time activity of any kind engaged in for economic gain." The policy also contained an exception to the policy's business exclusion: "farming" was excepted from the policy's definition of the term "business." The policy did not itself define the term "farming."

During the relevant time period, Braukman was the sole proprietor of a business operating under the assumed name "West Valley Construction." West Valley Construction was licensed with Oregon's Construction Contractors Board ("CCB").[1] The clients for West Valley Construction's brush-clearing services typically were builders and farmers. Dave Vanasche hired West Valley Construction to clear brush, remove fences, and bulldoze chicken coops and other structures on his farm.

On September 16, 2004, Gregory VanDeHey arrived unexpectedly at Vanasche's property and offered to assist Braukman.[2] VanDeHey was injured later that day, when he was pinned between a dump truck and the track hoe that Braukman was operating.

Under Oregon law, insurance policies must be liberally construed in favor of the insureds. *United Pac. Ins. Co. v. Truck Ins. Exchange,* 273 Or. 283, 541 P.2d 448, 454 (1975). Thus, the instant policy's grant of coverage for "personal activities" must be interpreted broadly; the policy's "business" exclusion must be interpreted narrowly; and the policy's exception to the business exclusion—for "farming"—must be interpreted broadly. *See id.* Nevertheless, where the terms of a policy, viewed in the context of the policy as a whole, are unambiguous, we must interpret the policy according to its plain meaning. *Hoffman Const. Co. of Alaska v. Fred S. James & Co., of Or.,* 313 Or. 464, 836 P.2d 703, 706 (1992).

Braukman was not "farming," under the plain meaning of the term, when VanDeHey was injured. Thus, the farming exception to the policy's business exclusion does not apply, and the policy does not

fornia, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Oregon law prohibits performing "work as a contractor" without first obtaining a valid license from the CCB. O.R.S. § 701.026. The governing regulation defines "work as a contractor" broadly, including but not limited to: "construction, alteration, repair, improvement, inspection, set-up, erection, moving, or demolition of a structure or any other improvement to real estate...." O.A.R. § 812–002–0760.

2. The VanDeHeys do not contend Gregory VanDeHey was acting as an employee of Braukman when he was injured.

provide coverage for liability resulting from the injury.

In their briefs, the VanDeHeys rely upon the following dictionary definition of the term "farming":

> The dictionary defines the noun "farming" as "the practice of agriculture." *Webster's Third New International Dictionary* 824 (unabridged, 1993 ed.). The dictionary also defines the verb "farm" or "farming" in relevant part as:
>
> 5 \* \* \* b: to manage and cultivate (land) as a farm <he ~ *ed* a small holding beside the river> ~ vi: to engage in the business of raising crops or livestock <he ~ *ed* for nearly 50 years>: manage or conduct a farm: work as a farmer. *Id.*

The dictionary relied upon by the VanDeHeys further defines "Agriculture," in relevant part, as "the science or art of cultivating the soil, harvesting crops, and raising livestock." *Webster's Third New International Dictionary* at 44.

Braukman's activities on the day of the accident do not plausibly qualify as "farming" under any of these proffered definitions. Braukman was not "cultivating the soil, harvesting crops, [or] raising livestock." He was clearing brush and bulldozing buildings.

Nor was Braukman "engage[d] in the business of raising crops or livestock" or "manag[ing] or conduct[ing] a farm." The person who hired Braukman to clear brush from his property—Dave Vanasche—arguably was "manag[ing] or conduct[ing] a farm" when he hired Braukman. The policy at issue, however, is a personal umbrella insurance policy issued to the Braukmans, not to Vanasche. Thus, the relevant question is whether Braukman personally was engaged in "farming" when the accident occurred. He was not. That Braukman's brush-clearing and bulldozing activities occurred on Vanasche's farm does not transform these activities into farming, and does not transform Braukman into a farmer.

The VanDeHeys cite cases from other jurisdictions in which courts have held that excavation can qualify as a "farm-related" activity. The policy at issue here, however, does not provide coverage for activities that are related to farming; the exception to the business activities exclusion applies only to "farming" by the insureds. Because Braukman was not "farming" when the accident occurred, the farming exception does not apply.[3]

Although no published cases applying Oregon law have interpreted the term "farming," what little case law that exists in other jurisdictions supports our conclusion. *See White v. State Farm Mut. Auto. Ins. Co.*, 59 Tenn.App. 707, 715, 721–22, 443 S.W.2d 661 (1969) (concluding the insured's business—M & W Dozer Work—which cleared land, dug ponds, and engaged in other work commonly performed on farmland by bulldozers, "did not engage in the enterprise of farming," and holding the policy's "farming" exception did not apply).

**AFFIRMED.**

---

3. To the extent the district court considered other insurance policies issued to the Braukmans in interpreting the terms of the personal umbrella insurance policy at issue here, the district court erred. *See Tualatin Valley Housing Partners v. Truck Ins. Exch.*, 208 Or. App. 155, 160, 144 P.3d 991 (2006). This court, however, may affirm the district court's grant of summary judgment on any ground supported by the record. *Sicor Ltd. v. Cetus Corp.*, 51 F.3d 848, 860 n. 17 (9th Cir.1995).